UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVE ELLIOT, GLENDA ELLIOT,
HUNTER ELLIOT, NATHAN ELLIOT,
and MEGAN ELLIOT,

       Plaintiffs,                           Case No. 04-74817

v.                                              Hon. Gerald E. Rosen

JOSHUA LATOR and SCOTT TAYLOR,

       Defendants.
_____/

## ORDER GRANTING DEFENDANTS'
## MOTION FOR STAY PENDING APPEAL

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on     October 6, 2006

PRESENT: Honorable Gerald E. Rosen
                  United States District Judge

In an opinion and order dated June 28, 2006, the Court granted in part Plaintiffs' motion for summary judgment, leaving only certain narrow issues of liability and the matter of damages to be decided at trial. In so ruling, the Court rejected Defendants' appeal to qualified immunity, which they had raised in their response in opposition to Plaintiffs' summary judgment motion. On July 21, 2006, Defendants commenced an appeal of this adverse qualified immunity ruling, as authorized under Mitchell v. Forsyth, 472 U.S. 511, 105 S. Ct. 2806 (1985). Through their present motion, they seek a stay of the proceedings before this Court until their appeal has been heard and resolved.

Somewhat characteristically, neither side has correctly identified the precise legal standards that govern the present inquiry. Initially, while the parties appear to be uncertain on this point, the Sixth Circuit has stated that "'[a] proper notice of appeal divests the district court of jurisdiction and transfers jurisdiction to the court of appeals." Dickerson v. McClellan, 37 F.3d 251, 252 (6th Cir. 1994). Nonetheless, in recognition that qualified immunity appeals under Forsyth "can be employed for the sole purpose of delaying trial," the Sixth Circuit has endorsed a procedure under which a district court may "certify an appeal as frivolous and begin the trial," notwithstanding a pending Forsyth appeal. Yates v. City of Cleveland, 941 F.2d 444, 448 (6th Cir. 1991). More recently, the Supreme Court noted with approval that "[t]his practice . . . has been embraced by several Circuits," including this one, thereby "enabl[ing] the district court to retain jurisdiction pending summary disposition of the appeal, and . . . minimiz[ing] disruption of the ongoing proceedings." Behrens v. Pelletier, 516 U.S. 299, 310-11, 116 S. Ct. 834, 841 (1996) (citations omitted).

Although the question here is somewhat close, the Court declines to certify Defendants' appeal as frivolous. To be sure, in its June 28 opinion and order, the Court not only rejected Defendants' appeal to qualified immunity but granted summary judgment in Plaintiffs' favor, concluding that the Defendant troopers' reliance on a search warrant issued by a state court magistrate was objectively unreasonable as a matter of law. Plainly, then, this Court perceived very little merit in Defendants' claim of qualified immunity. Nonetheless, the Court is not prepared to say that this claim is utterly lacking

in merit, and hence frivolous, such that it is appropriate to proceed to trial without awaiting the Sixth Circuit's ruling. Rather, the Court elects to follow its usual course of deferring further proceedings until Defendants' appeal has been resolved.

Accordingly, NOW, THEREFORE, IT IS HEREBY ORDERED that Defendants' July 26, 2006 Motion for Stay of Trial Proceedings Pending Appeal is GRANTED. IT IS FURTHER ORDERED that all further proceedings before this Court shall be STAYED pending the resolution of Defendants' appeal to the Sixth Circuit Court of Appeals.

s/Gerald E. Rosen
Gerald E. Rosen
United States District Judge

Dated: October 6, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 6, 2006, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry
Case Manager